UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON RICHARD EIDAM, #266232,

        Plaintiff,

v.                                        Case No. 2:17-CV-11788

BARANSKI, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

**I. INTRODUCTION**

The court has before it Plaintiff Jason Richard Eidam's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983, as well as his application to proceed without prepayment of the filing fee. The complaint, which was filed in the United States District Court for the Western District of Michigan on June 6, 2017 and transferred to this court that same day, concerns allegations of sexual harassment and retaliation while Plaintiff was a state prisoner in Jackson, Michigan. Plaintiff sues prison officials and seeks injunctive relief and monetary damages.

When Plaintiff filed the complaint, he was confined at the Parnall Correctional Facility in Jackson. Plaintiff, however, was released on parole on June 7, 2017. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=266232. On July 20, 2017, after the case was transferred, the court issued a notice regarding Plaintiff's responsibility to notify the court of address changes. (Dkt. #6.) That notice

was returned as undeliverable on August 18, 2017. (Dkt. #7.) On August 29, 2017, the court issued a show cause order requiring Plaintiff to explain why his case should not be dismissed without prejudice for want of prosecution. (Dkt. #8.) That order was returned as undeliverable on September 12, 2017. (Dkt. #9.) Plaintiff has not contacted the court nor provided updated contact information since he filed his complaint, and the court has no known address for him.

## II. DISCUSSION

Rule 11.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case based upon a party's failure to keep the court apprised of address changes and updated contact information. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2. Pro se litigants have the same obligation as an attorney to notify the court of a change of address. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir.1988). "'[Petitioner] has the duty to inform the court of any address changes, and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." *Thompkins v. Metrish*, No. 2:07-CV-12; 2009 WL 2595604, *1 n. 1 (W.D. Mich. Aug. 20, 2009) (quoting *Kelly v. Wal-Mart, Inc.*, No. 7:07-CV-0089; 2007 WL 2847068, *1 (N.D. N.Y. Sept. 26, 2007)).

Additionally, Federal Rule of Civil Procedure 41(b) authorizes a federal court to

2

dismiss a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed. R. Civ. P. 41(b), and Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." E.D. Mich. L.R. 41.2. The court may thus dismiss a civil action for failure to prosecute pursuant to those rules. *See Mulbah v. Detroit Board of Education*, 261 F. 3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

As noted, Plaintiff's case was transferred to this Court on June 6, 2017. The court subsequently sent Plaintiff a notice advising him of Local Rule 11.2 and his duty to inform the court of any change of address. That notice stated that the failure to provide updated contact information could result in dismissal of his case. (*See* Dkt. #6.) The court also issued a show cause order requiring Plaintiff to explain why his case should not be dismissed for want of prosecution. That order similarly stated that the failure to respond and provide updated contact information could result in dismissal of his case. (*See* Dkt. #8.) Plaintiff has a duty to provide the court with his current address or risk dismissal of his case. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151 (6th Cir. April 20, 1987).

The record indicates that Plaintiff was released on parole on June 7, 2017 and that he has not updated his address or otherwise communicated with the court since he filed his complaint more than three months ago. Plaintiff has thus failed to comply with Local Rule 11.2 and the court's notice. The court will therefore dismiss this case without prejudice for want of prosecution based upon his failure to do so. *See, e.g., White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal

of complaint for want of prosecution based upon failure to provide current address); *Harkleroad v. Astrue*, No. 4:03-cv-15, 2011 WL 3627161, *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for failure to prosecute may be appropriate when a pro se plaintiff fails to keep the court apprised of her current address."); *Brown v. White*, No. 2:09-CV-12902, 2010 WL 1780954, *1 (E.D. Mich. Apr. 30, 2010) (dismissing habeas case based upon failure to provide current contact information and failure to exhaust state court remedies).

### III.  CONCLUSION

Based upon the foregoing discussion, the court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint.  Given this determination, the court makes no ruling on Plaintiff's application to proceed without prepayment of the filing fee and **DISMISSES WITHOUT PREJUDICE** that application.

**IT IS SO ORDERED.**

                       S/Robert H. Cleland
                       ROBERT H. CLELAND
                       UNITED STATES DISTRICT JUDGE

Dated:  September 26, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 26, 2017, by electronic and/or ordinary mail.

                       S/Lisa Wagner
                       Case Manager and Deputy Clerk
                       (810) 292-6522